**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**William BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 2003.
Filed Dec. 11, 2003.

Susan M. Magee and Patrick J. Connors, Media, for appellant.

William R. Toal, III, Asst. Dist. Atty., and George M. Green, Asst. Dist. Atty., Media, for Com., appellee.

Before: ORIE MELVIN, LALLY–GREEN, and KELLY, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, William Brown, appeals from the judgment of sentence entered on January 28, 2003, which sentenced Appellant to a two-year mandatory minimum

term of incarceration. We vacate the judgment of sentence and remand for re-sentencing.

¶ 2 The procedural history of the case is as follows. On December 16, 2002, the Honorable Charles C. Keeler, following a non-jury trial, found Appellant guilty of possession of a controlled substance, possession with intent to deliver, and drug paraphernalia charges. On January 28, 2003, at the sentencing hearing, the trial court took judicial notice of a distance determined by the MapQuest™ website on the internet, which calculated the distance between the scene of the crime and a nearby school as 0.16 miles or 844 feet. The evidence triggered a mandatory minimum sentence of two to four years' incarceration pursuant to 18 Pa.C.S.A. § 6317 (delivering drugs within 1000 feet of school zone subject to mandatory minimum sentence of two to four years of incarceration). Appellant was sentenced to the two-year mandatory minimum sentence. This appeal followed.

¶ 3 Appellant's sole issue raised on appeal is:

1. Whether the trial court abused its discrestion [sic] when it took judicial notice of the commercial internet webcite [sic] "Mapquest" [sic] to determine the distance between the school and [Appellant's] location to invoke the required two year minimum mandatory sentence.

Brief for Appellant at 4.

■ ¶ 4 The admissibility of evidence is vested in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Commonwealth v. Henry*, 550 Pa. 346, 706 A.2d 313, 319 (1997). An abuse of discretion occurs when a trial court, in reaching

its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will. *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 704 (1998).

■ ¶ 5 Pa.R.E. 201(b) governs judicial notice of adjudicative facts. The rule states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to **sources whose accuracy cannot reasonably be questioned.**" Pa.R.E. 201(b) (emphasis added). "A court may take judicial notice of an indisputable adjudicative fact." *Interest of D.S.*, 424 Pa.Super. 350, 622 A.2d 954, 957 (1993). A fact is indisputable if it is so well established as to be a matter of common knowledge. *Id.* Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary. *220 Partnership v. Philadelphia Elec. Co.*, 437 Pa.Super. 650, 650 A.2d 1094, 1096 (1994).

■ ¶ 6 Judicial notice allows the trial court to accept into evidence indisputable facts to avoid the formality of introducing evidence to prove an incontestable issue. *Interest of D.S.*, 622 A.2d at 957. However, the facts must be of a matter of common knowledge and derived from reliable sources "whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b)(2). Clearly, an internet site such as MapQuest™, which purports to establish distances between two locations, is not so reliable that its "accuracy cannot reasonably be questioned."[1] An internet site

1. Additionally, a footnote in the Commonwealth's brief casts further doubt on the accuracy of MapQuest™. "If this Court does reverse and remand for resentencing, the

determining distances does not have the same inherent accuracy as do professionally accepted medical dictionaries, or encyclopedias, or other matters of common knowledge within the community. Thus, we hold that the trial court abused its

> Commonwealth will present evidence, as established by detectives using handheld roll tape measuring instruments, that the crime site was all of 551 feet from the school zone as measured by detectives on 1/23/03, five days prior to the sentencing hearing, as indicated in their supplemental police report." Brief for Appellee at 12 n. 2. If MapQuest ™ were a source whose accuracy cannot reasonably be questioned, as the Commonwealth argues, then the suggestion of possible contradictory evidence itself renders the accuracy questionable. If the actual distance from the school zone was 551 feet, and MapQuest ™ indicated it was 844 feet, MapQuest ™ overstated the distance by 53%. We do not regard an error of 53% as accuracy which "cannot reasonably be questioned." Pa.R.E. 201(b)(2).

Our own forays to the MapQuest ™ website provide some support for our conclusion that the accuracy of the information does not meet the standard demanded by Pa.R.E. 201(b)(2). The following notices appear on the website:

> *No Warranty:* This information is provided to you "as is," and you agree to use it at your own risk. MapQuest and its licensors (and their licensors and suppliers, including Her Majesty the Queen in Right of Canada) make no guarantees, representations or warranties of any kind, express or implied, arising by law or otherwise, including but not limited to, content, quality, accuracy, completeness, effectiveness, reliability, fitness for a particular purpose, usefulness, use or results to be obtained from this information, or that the information or server will be uninterrupted or error-free.
> *Disclaimer of Warranty:* MAPQUEST AND ITS LICENSORS (INCLUDING THEIR LICENSORS AND SUPPLIERS, INCLUDING HER MAJESTY THE QUEEN IN RIGHT OF CANADA) DISCLAIM ANY WARRANTIES, EXPRESS OR IMPLIED, OF QUALITY, PERFORMANCE, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR NON–INFRINGEMENT. Some States, Territories and Countries do not allow certain warranty exclusions, so to that extent the above exclusion may not apply to you.

> *Disclaimer of Liability:* MAPQUEST AND ITS LICENSORS (INCLUDING THEIR LICENSORS AND SUPPLIERS, INCLUDING HER MAJESTY THE QUEEN IN RIGHT OF CANADA) SHALL NOT BE LIABLE TO YOU: IN RESPECT OF ANY CLAIM, DEMAND OR ACTION, IRRESPECTIVE OF THE NATURE OF THE CAUSE OF THE CLAIM, DEMAND OR ACTION ALLEGING ANY LOSS, INJURY OR DAMAGES, DIRECT OR INDIRECT, WHICH MAY RESULT FROM THE USE OR POSSESSION OF THE INFORMATION; OR FOR ANY LOSS OF PROFIT, REVENUE, CONTRACTS OR SAVINGS, OR ANY OTHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF YOUR USE OF OR INABILITY TO USE THIS INFORMATION, ANY DEFECT IN THE INFORMATION, OR THE BREACH OF THESE TERMS OR CONDITIONS, WHETHER IN AN ACTION IN CONTRACT OR TORT OR BASED ON A WARRANTY, EVEN IF [LICENSEE] OR ITS LICENSORS HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. Some States, Territories and Countries do not allow certain liability exclusions or damages limitations, so to that extent the above may not apply to you.

In addition, MapQuest ™ gives some explanation as to its methodology in creating maps and in determining distances. Of relevance to this case, distances between two addresses are estimated, first of all, and are based on **driving** distances. Thus, if driving from point A to point B involves driving around a block, the distance would be far greater than the distance as the crow flies. Even worse, if one-way streets are involved, the driving distance could be even greater. The information provided by MapQuest ™ is adapted for drivers, not for purposes relevant to the criminal law issue involved in this case. The drug-free school zone sentencing statute, 18 Pa.C.S.A. § 6317, penalizes drug sales within 1000 feet of a school zone **as the crow flies**, not 1000 feet of driving distance.

discretion in taking judicial notice of a MapQuest ™ distance determination in order to invoke the mandatory sentencing provision of 18 Pa.C.S.A. § 6317.

¶ 7 Judgment of sentence vacated, and case remanded for resentencing. Jurisdiction relinquished.