J. S27020/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH MAILY ROBERTS, | : | |
| | : | |
| Appellant | : | No. 1524 MDA 2015 |

Appeal from the Judgement of Sentence August 7, 2015
In the Court of Common Pleas of Berks County
Criminal Division No(s): CP-06-CR-0001107-2015

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.: **FILED JUNE 08, 2016**

Appellant, Elizabeth Maily Roberts, appeals from the Judgment of Sentence entered on August 7, 2015 in the Court of Common Pleas of Berks County following her conviction for Possession of a Controlled Substance.[1] We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

On February 7, 2015, Appellant was living at ADAPPT, a halfway house, and returned three hours late from an approved trip. Trial Ct. Op., filed 11/12/15, at 1-2. Due to Appellant's late return, Security Monitor Samantha Balsbough (Balsbough) gave Appellant a breathalyzer and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

performed a urinalysis. *Id.* at 2. Balsbough and Security Monitor Chantel Madera (Madera) also conducted a strip search of Appellant. *Id.* During the strip search, both Security Monitors heard a rustling sound and saw Appellant move something from her bra towards her underwear. *Id.* When Appellant removed her underwear, a small plastic bag dropped to the ground. *Id.* Balsbough confiscated the bag and contacted her supervisor, who called the police. *Id.* Officer Marcos Rodriguez conducted a "Valtrox test on the suspected controlled substance, and the test returned a positive result for heroin." *Id.*

On August 6, 2015, the court held a bench trial and Appellant testified. *Id.* at 1. During Appellant's testimony, the trial court *sua sponte* questioned her regarding her pre-arrest silence. N.T., Trial, 8/6/15, at 82-3. The trial court found Appellant guilty of Possession of a Controlled Substance. Trial Ct. Op. at 1. On August 7, 2015, the trial court imposed a sentence of "no further punishment." *Id.* After the denial of her Post Sentence Motion, Appellant filed a timely Notice of Appeal. Appellant and the trial court both complied with Pa.R.A.P. 1925.

## ISSUE ON APPEAL

Appellant raises the following issue on appeal: "Whether the lower court abused its discretion when it overruled Appellant's objection following the court's *sua sponte* questioning as to Appellant's pre-arrest silence." Appellant's Brief at 4.

## LEGAL ANALYSIS

Appellant claims on appeal that the trial court's *sua sponte* questioning of her regarding her pre-arrest silence burdened her constitutional right to remain silent,[2] was highly prejudicial because it created an inference of an admission of guilt, and was instrumental in the trial court's decision to find Appellant guilty. ***Id.*** at 10. We disagree, and agree with the trial court's determination that when Appellant took the stand in her own defense, her pre-arrest silence became admissible for impeachment purposes. Trial Ct. Op. at 3-4; ***see Commonwealth v. Bolus***, 680 A.2d 839, 844 (Pa. 1996).

The admissibility of evidence is vested in the sound discretion of the trial court and this Court will not reverse an evidentiary ruling on appeal absent an abuse of discretion. ***Commonwealth v. Brown***, 839 A.2d 433, 435 (Pa. Super. 2003). A trial court abuses its discretion when it "overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." ***Id.*** (citation omitted).

In the instant case, Appellant testified and provided a different version of events from the Commonwealth's witnesses. N.T., Trial, 8/6/15, at 57-85. Appellant stated that she bumped into another housemate on the way into the room to be strip-searched, that she saw the baggie of heroin on the ground prior to removing her underwear, and that the baggie of heroin did

---

[2] U.S. Const. Amend. V and Pa. Const. Art. 1, § 9.

not belong to her. *Id.* at 64-8. After cross-examination by the Commonwealth, the trial court briefly questioned the Appellant regarding her pre-arrest silence:

| THE COURT: | Okay. By the time the police had come into the picture it seemed pretty obvious that you were being accused of possession of heroin. |
| --- | --- |
| [APPELLANT]: | Yes, sir. |
| THE COURT: | Did you tell either of the police officers anything - - - |
| MR. FITZGERALD: | Your Honor, I object to that question. That goes right to the right to remain silent. |
| THE COURT: | The objection is overruled. |
| [APPELLANT]: | At the time I choose to remain silent because I knew it [sic] was just released, inmates word against whatever they told me. I know I had no withstanding [sic]. |

N.T., Trial, 8/6/15, at 82-3.

The Pennsylvania Supreme Court has held "[w]hen a criminal defendant waives his right to remain silent and testifies at his own trial, neither the United States nor the Pennsylvania Constitution prohibit a prosecutor from impeaching a defendant's credibility by referring to his pre-arrest silence." *Bolus*, *supra* at 844. Our Supreme Court further found, "[b]ecause in the instant matter Appellant had testified at his trial, he has waived any right to complain that the prosecutor had impermissibly commented on his pre-arrest silence." *Id.* Also, a reference to pre-arrest

silence is permitted when the reference is "circumspect" and is unlikely to "create an inference of an admission of guilt." ***Commonwealth v. DiNicola***, 866 A.2d 329, 337 (Pa. 2005).

Based on ***Bolus***, the trial court did not abuse its discretion or misapply the law when it questioned Appellant regarding her pre-arrest silence. Once Appellant chose to testify, she waived any right to complain about impermissible reference to her pre-arrest silence. ***See Bolus***, ***supra*** at 844.

Appellant further avers that the line of questioning was highly prejudicial, created an inference of an admission of guilt, and was imperative to the trial court's finding of guilt. We disagree, and agree with the trial court's determination that the line of questioning did not create prejudice or an inference of guilt. The trial court opined:

> [A]n explicit reference to a defendant's pre-arrest silence does not constitute reversible error when it is not likely to suggest to the jury an inference of guilt. In this case, the questioning by the Court occurred in bench trial. There is no jury during a bench trial, as the trial judge is the finder of fact. Such a risk is not present in this case where the fact finder [is] the judge who, in a jury trial, would be the one to give the instruction to the jury to disregard such prejudicial evidence. Therefore, it should be presumed that the trial judge would be able to follow the instruction it would have given to a jury when making his ruling.

Trial Ct. Op. at 4 (internal quotations and citations omitted).

Moreover, Appellant's argument that the trial court placed great emphasis on Appellant's pre-arrest silence is without merit. The trial court found: "there was overwhelming evidence presented by the Commonwealth to support the guilty verdict." ***Id.***

Accordingly, the trial court did not abuse its discretion when it questioned Appellant regarding her pre-arrest silence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2016