J-S67018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK DUANE SWARTZ | |
| Appellant | No. 1078 EDA 2016 |

Appeal from the PCRA Order entered on November 30, 2015
In the Court of Common Pleas of Carbon County Criminal Division
at No(s): CP-13-CR-0000104-2009

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 01, 2016**

Frank Duane Swartz appeals from the order entered on November 30, 2015, denying his Amended Petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546.  We affirm.

During a 2008 investigation into a series of bush fires in Carbon County, police recovered approximately thirty-one incendiary devices consisting of a lit cigarette inserted in a matchbook, held together with a rubber band.  Police identified Appellant as a suspect based on DNA evidence collected from a cigarette filter and a fingerprint left on one of the devices. *See* PCRA Ct. Op., 11/30/2015, at 1-2.  Appellant met with police and confessed in oral and written statements to having set sixteen bush fires in Carbon County.  The Commonwealth charged Appellant "with four different

---

*Former Justice specially assigned to the Superior Court.

counts for each fire and, with respect to two of the fires, an additional charge of endangering property." Trial Ct. Mem. Op., 06/11/2012, at 1.

In January 2010, Appellant pleaded guilty to all charges in exchange for four to eight years' incarceration. On February 25, 2010, Appellant withdrew his guilty plea *pro se*. Consequently, Appellant's "plea counsel," Paul Levy, Esq., filed a motion to withdraw from representing Appellant due to irreconcilable differences in the attorney-client relationship. The trial court granted this motion on March 19, 2010. **See** Notes of Testimony (N.T.), 11/7/2014, at 14-15, 28.

In March 2010, newly-appointed trial counsel filed a motion to suppress the oral and written confessions Appellant made at the police station in 2008. **See** Mot. to Suppress, 01/04/2011. Following a hearing, the trial court denied the motion to suppress by a memorandum opinion and order. **See** Trial Ct. Order Denying Mot. to Suppress, 06/22/2011.

Following a six-day jury trial in December 2011, Appellant was found guilty for multiple counts of arson-related crimes.[1] The trial court imposed

---

[1] Sixteen counts of arson creating a danger of death or bodily injury; one count of arson reckless endangerment of inhabited buildings; fifteen counts of possession of explosive or incendiary material; fifteen counts of risking catastrophe; and fifteen counts of maliciously setting fire to forest. Respectively, **see** 18 Pa.C.S. §§ 3301(a)(1)(i), 3301(c)(2), 3301(f), and 3302(b), and 32 Pa.C.S. § 344(b).

an aggregate sentence of two hundred sixteen to four hundred thirty-two months' incarceration. **See** PCRA Court Opinion, 11/30/2015, at 4.

Appellant filed a motion for reconsideration of sentence, which the trial court denied as "wholly without merit." **See** Trial Ct. Mem. Op., 06/11/2012, at 34. Appellate timely filed a direct appeal. In May 2013, this Court affirmed the judgment of sentence entered by the trial court. **See** **Commonwealth v. Swartz**, 81 A.3d 1004 (Pa. Super. 2013) (unpublished memorandum).

In May 2014, Appellant timely filed a *pro se* PCRA petition and was appointed counsel. Thereafter, Appellant filed an amended, counseled petition, alleging ineffective assistance of trial counsel. In November 2015, the PCRA court held a hearing, at which Appellant, plea counsel, and trial counsel testified. Following the hearing, the trial court denied the amended PCRA petition. Appellant submitted a *pro se* letter of intent to appeal the denial of his PCRA petition on January 5, 2016. The PCRA court granted Appellant *nunc pro tunc* relief and extended the deadline for Appellant to perfect an appeal. **See** PCRA Ct. Order, 02/12/2016. Appellant appealed, timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the PCRA court issued a responsive opinion.

On appeal, Appellant claims trial counsel was ineffective for three reasons:

(1) Trial counsel failed to object to police testimony describing the Automated Fingerprint Identification System (AFIS) as a criminal record fingerprint database, in light of the possible inference about Appellant's criminal history;

(2) Trial counsel failed to investigate whether internet evidence would have corroborated Appellant's *Miranda v. Arizona*, 384 U.S. 436 (1969) challenge to the admissibility of his oral and written confessions;

(3) Trial counsel failed to effectively advise Appellant that it was in his best interest to accept a plea, which caused Appellant to go to trial and receive a lengthier sentence.

*See* Appellant's Brief at 5.

"Our standard of review in an appeal from the grant or denial of PCRA relief requires us to determine whether the ruling of the PCRA court is supported by the record and is free from legal error." *Commonwealth v. Lesko*, 15 A.3d 345, 358 (Pa. 2011) (citation omitted).

Under the PCRA, ineffective assistance of counsel is a discrete legal ground for a collateral appeal. *See* 42 Pa.C.S. § 9543(a)(2)(ii); *Commonwealth v. Collins*, 888 A.2d 564, 570 (Pa. 2005). To establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citing

- 4 -

*Commonwealth v. Pierce*, 786 A.2d 973, 976 (Pa. 1987)).  To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different."  *Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015) (citation omitted).  The PCRA court may deny an ineffectiveness claim by showing that the claim fails any part of the three-part *Pierce* test.  *See Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 321–22 (Pa. 2007)).

We begin by addressing Appellant's assertion that trial counsel was ineffective for failing to raise a timely objection to Trooper Corrigan's testimony.  In support of his argument, Appellant cites *Commonwealth v. Montalvo*, 641 A.2d 1176, 1184-85 (Pa. Super. 1994), which held counsel must make a timely and specific objection at trial and move for a mistrial at the time a prejudicial event is disclosed.  Appellant contends that Trooper Corrigan's testimony describing AFIS as a criminal records database gave rise to an impermissible inference that Appellant had a prior criminal record.  *See* Appellant's Brief at 10-11.  Appellant claims the court would have declared a mistrial if counsel had raised a timely and specific objection to this testimony.  *See id.* at 11 (citing Trial Ct. Op., 07/25/2012, at 14).

We have previously decided the merits of the issue underlying Appellant's claim.  On direct appeal, Appellant challenged "whether the trial court should have declared a mistrial *sua sponte* when an investigating

- 5 -

officer testified that he submitted a fingerprint taken from an incendiary device into a criminal database and it was a match with Appellant." ***Swartz***, 81 A.3d 1004, at *15. In addressing the merits of this issue, we considered the following:

> [T]he trial court noted that Appellant did not object to the testifying police officer's reference to any match between the latent fingerprint recovered from one of the crime scenes and an image of Appellant's fingerprints maintained in a criminal database. Trial Court Opinion, 6/6/2012, at 12. Further, the trial court concluded that mere mention of Appellant's fingerprint in a criminal database was indirect and that any ensuing prejudice was lessened by evidence that Appellant's fingerprints taken at the time of Appellant's eventual arrest matched the latent crime scene fingerprint. ***Id.*** at 14.

***Swartz***, 81 A.3d 1004, at *16-17. In addition, we considered the cautionary instructions that the trial judge gave the jury. The instructions cured any undue implications about Appellant's criminal history. This Court held Trooper Corrigan's testimony did not affect the jury's deliberation and that Appellant was not entitled to a mistrial. ***See id.*** Accordingly, this Court held that Appellant's claim lacked merit.

The PCRA court properly analyzed the merits of this claim, as it is required to evaluate the merits of each ineffectiveness claim to assess whether any underlying legal issue has arguable merit. ***See Collins***, 888 A.2d at 572. The PCRA court did not address this Court's prior decision on the merits of the issue presented. However, it should have, considering "a distinct claim of ineffectiveness that is based on the underlying issue that was litigated on direct appeal, in many cases . . . will fail for the same

reasons as they failed on direct appeal." ***Collins***, 888 A.2d at 574-75. Our previous decision in this matter eliminates any arguable merit to Appellant's ineffectiveness claim. ***See Montalvo***, 641 A.2d at 1189 ("Counsel will not be deemed ineffective for failing to assert a baseless claim."). Accordingly, Appellant is not entitled to relief.

Second, Appellant contends that trial counsel failed to investigate whether evidence available on the Internet would support his testimony that he was improperly interrogated at the police station. According to Appellant, the police did not properly ***Mirandize*** him prior to obtaining his confession. ***See Miranda v. Arizona***, 384 U.S. 436 (1969). In order to prove this, Appellant wanted trial counsel to use MapQuest to show that he could not have arrived at the police station by the time noted on his ***Miranda*** waiver. Appellant maintains ineffective assistance of counsel caused his oral and written confessions to have a negative impact on the outcome of his trial. Appellant's Brief at 13.

Counsel has "a general duty to undertake reasonable investigations" and make "reasonable decisions that render particular investigations unnecessary." ***Commonwealth v. Johnson***, 966 A.2d 523, 535 (Pa. 2009) (citations omitted). "[W]e only inquire whether counsel had any reasonable basis for his actions, not if counsel pursued the best available option." ***Commonwealth v. Philistin,*** 53 A.3d 1, 9-10 (Pa. 2012) (citations and internal quotation marks omitted).

Trial counsel testified that he had several reasons for deciding against using MapQuest evidence. Trial counsel considered Appellant's testimony about the events "strategically a better approach than the use of MapQuest." PCRA Ct. Op. at 14 (citing N.T., 11/7/2014, at 59-60). According to trial counsel, Appellant's testimony had a "more powerful and meaningful" effect on the jury and anything else "would have been superfluous." N.T., 11/7/2014, at 60. Moreover, Appellant could have taken "five or six different roads" to get to the police station. *Id.*

Appellant fails to show that trial counsel lacked a reasonable basis for his actions. The PCRA court ruled that Appellant's claim was speculative at best. *See* PCRA Ct. Op. at 14-15. We agree with the PCRA court that Appellant's argument is speculative. In contrast, trial counsel made a reasonable strategic decision in deciding not to present this evidence at trial.[2] Accordingly, we will not second-guess counsel on this basis, and Appellant's claim of ineffectiveness fails.

Third, Appellant claims that trial counsel failed to advise him whether to withdraw his plea and whether to accept a plea offered during trial. *See* Appellant's Brief at 13-14. Appellant contends that he is entitled to relief

_____

[2] A calculation of distance between two points is not reliable for measuring the duration of the journey itself, according to our ruling in *Commonwealth v. Brown*, 839 A.2d 433, 436-439 (Pa. Super. 2003) (citing Pennsylvania Rule of Evidence 201(b)(2)).

because his sentence exceeded the proposed plea by four and one-half times. *Id.* at 14. In support of his contentions, Appellant relies on *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (vacating sentence imposed that exceeded plea by three and one-half times where lawyers ineffectively advised defendant to reject the plea).

We review this claim according to the following standard:

[A] post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:
[B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super. 2015) (quoting *Lafler*, 132 S.Ct. at 1385), *appeal denied*, 140 A.3d 13 (Pa. 2016).

Here, "Appellant acknowledged having received a plea offer with a sentencing recommendation of five to ten years of imprisonment after the start of trial." PCRA Ct. Op. at 19 (citing N.T., 11/07/2014, at 24). Appellant testified that he knew it was his decision to make. N.T., 11/24/2014, at 34. Appellant testified that counsel failed to convince him that it was in his best interest not to withdraw the plea. *Id.* at 36. Once Appellant did withdraw the plea, he claimed his discussions with counsel only pertained to the trial. *Id.* at 40. Appellant contends that it would have been

in his best interest to discuss a plea and that he expected trial counsel had a continuing responsibility to pursue a plea in his best interest. *Id.* at 42.

Trial counsel met with Appellant on November 3rd, 2011 and "broached" the possibility of a second plea before trial. *Id.* at 56. According to trial counsel, Appellant was advised that he faced several "Felony 1 charges with 20 year maximums, $25,000 fine [for each charge and] multiplied by 16 fires would be 320 years." *Id.* at 53. Trial counsel wrote a letter to the prosecutor referencing his meeting with Appellant asking to clarify the proposed plea's current status "so that [he] could communicate to [Appellant] whether or not real trial preparation must commence." *Id.* at 54-55 (quoting Letter, 11/7/2011). Thus, trial counsel was making ongoing efforts to advise Appellant about various plea deals. According to trial counsel, Appellant rejected the plea because he already rejected a plea with a sentence of four to eight years. *Id.* at 56. Trial counsel "never drew the impression that [Appellant] wanted to plead guilty. [His feeling] was that [Appellant] always wanted to go to trial." *Id.* at 58.

The PCRA court found counsel's testimony credible to the extent that it contradicted Appellant's testimony and the exhibits he submitted into evidence. *See* PCRA Ct. Op. at 21-24. We defer to the PCRA court's finding. Here, Appellant's self-serving testimony does not establish his willingness to accept a plea and lacks corroboration in the record before us. *See Steckley*, 128 A.3d at 832-33 (requiring appellant's testimony to be credible

- 10 -

and to show an actual willingness to enter into a plea but for counsel's ineffectiveness). Moreover, there is no evidence that trial counsel's approach fell below an objective standard of reasonableness.

For the reasons above, Appellant is not entitled to relief. Accordingly, the order of the PCRA court is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016

- 11 -