J-S51006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ORRIN JONES | |
| Appellant | No. 558 EDA 2016 |

Appeal from the PCRA Order January 29, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009935-2008

BEFORE: BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:          **FILED SEPTEMBER 27, 2017**

Orrin Jones appeals from the January 29, 2016 order denying him PCRA relief. We affirm.

Appellant was charged with possession of a firearm by a prohibited person, carrying an unlicensed firearm, and possession of a controlled substance. He proceeded to a jury trial on the charges of possession of an unlicensed firearm and possession of a controlled substance, and was represented by Ronald Greenblatt, Esquire. The Commonwealth presented the following proof. At midnight on June 14, 2008, Philadelphia Police Officers Craig Perry and Dennis Johnson were in uniform and patrolling on Frankford Avenue, Philadelphia, where there is a high volume of drug dealing activity. Officer Johnson observed Appellant speaking with a female

* Former Justice specially assigned to the Superior Court.

at the intersection of Frankford Avenue and Fulkrod Street while manipulating objects in his right hand. The officers parked and approached Appellant, and Officer Perry saw that the objects consisted of a bag containing an off-white chunky substance and two loose pieces of an off-white chunky substance. Officer Perry believed that the substance in question was crack cocaine, but subsequent testing revealed that it was cocaine base.

When he saw the two police officers, Appellant dropped the items in his hand. Officer Perry detained Appellant, patted him down, and discovered a silver .357 Magnum firearm tucked in Appellant's belt. The parties stipulated that Appellant did not have a valid license to carry a firearm.

At trial, Appellant presented the testimony of Darnell Ervine. Ervine stated that he was a drug dealer in June 2008, and, on June 14, 2008, he saw Officers Perry and Johnson park their car in the vicinity of Frankford Avenue and Fulkrod Street. Ervine continued that, once he saw the police, he immediately discarded his silver .357 Magnum under a vehicle. He then observed the officers recover that gun from underneath the vehicle while arresting Appellant. Ervine testified that he was the owner of the weapon in question.

Rejecting Ervine's testimony, a jury convicted Appellant of carrying a firearm without a license. It acquitted him of possession of a controlled substance. The trial court thereafter convicted Appellant of possession of a

firearm by a prohibited person.  N.T. Trial, 5/11/09, at 121.  On August 13, 2009, the trial court imposed an aggregate term of incarceration of eight and one-half to seventeen years in this action.

Mr. Greenblatt filed the notice of appeal, and, after being ordered to do so, he also filed the Pa.R.A.P. 1925(b) statement.  Appellant then asked to proceed *pro se* for purposes of appeal.  After conducting a hearing, **see Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the trial court granted Appellant's petition to proceed *pro se*, and he filed a *pro se* brief claiming that the trial court erred in denying his motion to suppress the weapon. We affirmed.  **Commonwealth v. Jones**, 23 A.3d 1087 (Pa.Super. 2011) (unpublished memorandum).  On December 15, 2011, our Supreme Court denied Appellant's petition for leave to file a petition for allowance of appeal *nunc pro tunc*.  **Commonwealth v. Jones**, 36 A.3d 24 (Pa. 2011).

On April 13, 2012, Appellant filed a timely PCRA petition, counsel was appointed, and Appellant thereafter moved to proceed *pro se*. The PCRA court then conducted another **Grazier** colloquy to ensure that Appellant's waiver of his right to counsel was knowing and voluntary. Appellant proceeded to file, without permission, additional PCRA petitions on May 16, 2012, October 2, 2013, January 7, 2014, November 19, 2014, and January 13, 2015.  Appellant also filed a motion for an evidentiary hearing in response to the Commonwealth's motion to dismiss the PCRA petition.

Appellant then retained counsel, Michael L. Doyle, Esquire, who entered his appearance on April 9, 2015. Mr. Doyle filed a supplemental PCRA petition seeking a hearing on whether trial counsel was ineffective for failing to call a witness, Gregory Brown, at trial. The PCRA court conducted two hearings, where Mr. Greenblatt and Mr. Brown testified. Mr. Brown reported the following. At around midnight on June 14, 2008, he was riding in a car with Appellant. Appellant spied a woman whom he knew standing at the intersection of Frankford Avenue and Foulkrod Street, so Appellant parked his car, exited it, and began to speak with her. Mr. Brown remained in the car.

About two to five minutes later, Mr. Brown saw Officers Perry and Johnson arrive on the scene and approach Appellant. While one officer placed Appellant under arrest, the other officer started searching under cars parked on the street, found the silver .357 Magnum, and walked with it in his hand to the scene of Appellant's arrest. Trial counsel, Ronald Greenblatt, Esquire, testified that he did not present Mr. Brown as a trial witness because his testimony was inconsistent with that of Ervine in some respects, Mr. Brown appeared either hungover or drunk when he arrived at trial to testify, and Ervine was a better witness.

After the PCRA hearings, Mr. Doyle authored a no-merit letter and petitioned to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.

- 4 -

1988) (*en banc* ).  The PCRA court granted that petition and denied relief.

This *pro se* appeal followed.  Appellant raises these issues for our review:

> I. Did the P.C.R.A. Court commit an error of law and fact when it held trial counsel was not ineffective for failing to object and intervene when several witnesses were not properly sworn in to testify?
>
> II. Did the P.C.R.A. commit an error of law and fact when it held, appellate Counsel was not ineffective for failing to properly raise and preserve a sufficiency of the evidence issue on appeal by waiving this issue in his Pa.R.A.P. Rule 1925(b) Statement of Matters Complained of on Appeal?
>
> III. Did the P.C.R.A. Court commit an error of law and fact when it held, trial Counsel was not ineffective for failing to call Gregory Brown as a witness?
>
> IV. Did the P.C.R.A. Court commit an error of law and fact when it held, trial counsel was not ineffective for failing to properly investigate and present the N.C.I.C. report which would have been helpful in establishing the asserted defense?
>
> V. Did the P.C.R.A. Court commit an error of law and fact when it held, the prosecution did not violate Brady v. Maryland by failing to turn over an N.C.I.C, report to the defense where the report would have been helpful in establishing the asserted defense?

Appellant's brief at 5-6.

Initially, we observe, "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error."  **Commonwealth v. Whitehawk**, 146 A.3d 266, 269 (Pa.Super. 2016).  In his first issue, Appellant notes that the transcript fails to contain the notation that two witnesses were sworn-in, and that an unsworn

witness's testimony is considered meaningless. Appellant insists that trial counsel was ineffective for failing to object to this procedural irregularity. The two witnesses in question were Detective James McReynolds, who established that the .357 Magnum was operable, and Ervine, Appellant's defense witness. We examine allegations of ineffective assistance of counsel under the following standards:

> Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id***. A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

> ***Commonwealth v. Busanet***, 618 Pa. 1, 54 A.3d 34, 35, 45 (2012). Furthermore, "in accord with these well-established criteria for review, an appellant must set forth and individually discuss substantively each prong of the *Pierce* test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016).

In the present case, the trial court indicated that the transcript of Appellant's trial was incorrect to the extent that it neglected to mention that

the two witnesses were given an oath. It took judicial notice that all witnesses at Appellant's trial were administered an oath, stating: "In the instant case, given the common knowledge of this Court's routine practice and the Court's personal memory and observation of the proceedings, [the fact that all witnesses were sworn in] was appropriately judicially noticed. This Court explained that the witnesses were sworn-in unfailingly at every case over which this Court had presided." Trial Court Opinion, 6/23/16, at 5. While we do not believe that the fact in question was appropriate for the application of judicial notice,[1] we will accept the trial court's indication that all witnesses were properly sworn-in during Appellant's trial.

We are guided by our Supreme Court's decision in **Commonwealth ex rel. Spencer v. Ashe**, 71 A.2d 799 (Pa. 1950), where the defendant brought a *habeas corpus* petition claiming a denial of due process based upon the fact that the jury was impaneled without him being present. Our

---

[1] As we observed in **Commonwealth v. Brown**, 839 A.2d 433 (Pa.Super. 2003), the concept of judicial notice is outlined in Pa.R.E. 201(b). That rule states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b) (emphasis added). In this case, it could be reasonably disputed that a witness might testify without being given an oath. Furthermore, the issue of whether a particular juror was sworn-in cannot be ascertained by resorting to indisputably accurate sources. Thus, the fact at issue cannot be established by judicial notice.

High Court rejected the position because there was a notation on the docket that the defendant was present during the trial proceedings. It also applied the precept that, "A judgment cannot be lightly set aside by collateral attack, even on *habeas corpus*. When collaterally attacked, the judgment of a court carries with it a presumption of regularity" *Id*. at 800 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938); *see also Commonwealth v. Wolfe*, 605 A.2d 1271, 1273 (Pa.Super. 1992) (there is a "presumption of regularity" that follows a entry of the judgment of sentence). Given the trial court's indication that it ensured that each witness at every trial over which it presided had been administered the oath and in light of the presumption that judicial proceedings were properly conducted, we accept the trial court's finding that the court reporter inadvertently failed to place the words "sworn-in" before the two witnesses in question testified.

In addition, we conclude that Appellant was not prejudiced by trial counsel's failure to object. Simply put, even if the two witnesses were not sworn-in, the fact that their testimony was a nullity would have had no effect on these proceedings. *See Commonwealth v. Daniels*, 104 A.3d 267, 281 (Pa. 2014) (with respect to the prejudice aspect of the ineffectiveness test, the defendant must show that there was "a reasonable probability that the outcome of the proceeding would have been different but for counsel's constitutionally deficient performance.") Ervine's testimony was favorable to Appellant as he represented that he owned the gun

recovered by police. The absence of Ervine's proof would not have resulted in an verdict favorable to Appellant.

Detective Reynold's testimony merely went to the operability of the .357 Magnum. Appellant was convicted under 18 Pa.C.S. § 6105, which prohibits certain persons from possessing a firearm. That statute provides that firearms are defined as "any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S. § 6105(i). The silver .357 Magnum was a weapon designed to expel a projectile by an internal explosive mechanism. Regardless of whether the .357 Magnum was operable, it was a firearm under the definition in question. Thus, Detective Reynold's testimony was irrelevant in this case, and the absence of Detective Reynold's testimony would not have altered the trial court's verdict as to the § 6105 charge.

Appellant was convicted by the jury of carrying an unlicensed firearm, which carries the same definition, *i.e.*, a firearm is any weapon designed or readily capable of being converted to expel a projectile by means of an explosive device. 18 Pa.C.S. § 6106(e)(1). Under the definition of firearm in § 6106, it is no longer required that the Commonwealth prove that the gun is operable to obtain a conviction thereunder. ***Commonwealth v. Gainer***, 7 A.3d 291 (Pa.Super. 2010). Detective Reynold's testimony pertained to operability and, even if a nullity, would have not have changed

the outcome at trial as to the §6106 conviction. Thus, we conclude that the fact that trial counsel did not object to the fact that Detective Reynolds and Ervine were not sworn-in did not prejudice Appellant.

Appellant's second complaint is that counsel was ineffective for failing to preserve a challenge to the sufficiency of the evidence in his Pa.R.A.P. 1925(b) statement. Initially, we note that, while Mr. Greenblatt filed the Pa.R.A.P. 1925(b) statement, Appellant proceeded *pro se* after that point. In his brief, he elected to forego a sufficiency challenge, and he did not attempt to file a supplemental Pa.R.A.P. 1925(b) statement after he was permitted to represent himself. A defendant cannot obtain PCRA relief based upon allegations of ineffectiveness that pertain to his own actions or inactions when proceeding *pro se*. **Commonwealth v. Blakeney**, 108 A.3d 739, 749 (Pa. 2014) ("a defendant who knowingly and intelligently waives his right to counsel and represents himself at trial cannot later seek to revive defaulted trial claims by alleging his own ineffectiveness"); **see also Commonwealth v. Fletcher**, 986 A.2d 759 (Pa. 2009).

In addition, Appellant's sufficiency argument lacks merit. Appellant suggests that the evidence was insufficient to establish that he did not have a license to carry the .357 Magnum on June 14, 2008. Appellant contends that his name is Preston Jones, not Orrin Jones, and that there was no stipulation that Preston Jones did not have a license. First, Appellant acknowledged at trial that his name was Preston Orrin Jones. N.T. Trial Vol.

3, 5/11/09, at 74. Second, the stipulation was that the person on trial did not have a license to carry a gun, and there was no mention of a name. *See* N.T. Trial, 5/11/09, at 5 (counsel indicating that he was "stipulating to the non-licensure"). The jury thus was told that there was stipulation that "**the defendant** didn't have a valid sportsmen permit . . . . and he did not have a valid firearms permit to carry a gun[.]" *Id*. at 8 (emphasis added). Since the stipulation was that the defendant was not licensed and since Appellant was the defendant at trial, the evidence was not only sufficient but conclusive to establish that he did not own a gun license. Appellant's claim thus lacks merit.

In his third contention on appeal, Appellant assails the PCRA court's determination that Mr. Greenblatt was not ineffective for failing to present Mr. Brown as a witness. The court found that counsel offered a reasonable explanation for that decision. Mr. Greenblatt noted inconsistencies between what Mr. Brown told him and what Ervine told him. Mr. Brown indicated that there were hardly any people around at the time of Appellant's arrest while Ervine reported that there were numerous persons ridding themselves of items on the street when police arrived. Secondly, Mr. Greenblatt reported that he concluded that Mr. Brown's testimony would have been of limited value since he remained seated in the car during the course of the incident and had a limited view. Finally, Mr. Greenblatt testified that, when Mr. Brown arrived for trial, he appeared intoxicated or hung over. Counsel

simply decided to present Ervine, a stronger and more favorable witness. As Mr. Greenblatt articulated a reasonable strategic basis for not presenting Mr. Brown, we uphold the PCRA court's finding that he was not ineffective in this respect.

Appellant's final two allegations on appeal concern a National Crime Information Center ("NCIC") report that indicated that the silver .357 Magnum discovered on Appellant's person was stolen in Pottstown, Pennsylvania sometime prior to 2008. Appellant claims that Ervine testified that he lived in Pottstown and admitted that he dealt in stolen guns. Appellant maintains that the NCIC report information that the gun was stolen in Pottstown supported Appellant's position that it belonged to Ervine on June 14, 2008.

In his fourth averment, Appellant suggests that trial counsel was ineffective for failing to discover the information in the NCIC report.[2] In his final position, Appellant characterizes the evidence as favorable evidence that should have been disseminated to him pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) (prosecution has a constitutional duty to turn over to the defendant evidence that has a tendency to exculpate the defendant).

---

[2] The Commonwealth indicates that the NCIC report was discussed at the preliminary hearing, and that the information in it was given to Appellant. However, the transcript of that proceeding is not in the record, and we cannot verify these events.

However, the record belies Appellant's position that the NCIC report supported his defense. Ervine testified that he lived on the streets of Philadelphia in 2008, that he was arrested and jailed for burglary in September 2008, and that he did not go to live in Pottstown until after he was released from prison following his 2008 arrest. N.T. Trial, 5/11/19, at 48 (Ervine stating that when he went to live with an uncle in Pottstown after he was released from jail following his 2008 arrest, and that he had never gone to his uncle for help before that time). At trial, Ervine said that he obtained the gun in exchange for drugs while he was in Kensington and not that he obtained it in Pottstown. Accordingly, the fact that the gun was stolen in Pottstown prior to 2008 did not lend support to Ervine's trial testimony. Thus, counsel was not ineffective for failing to track down the NCIC report, and the Commonwealth did not violate **Brady** by failing to disseminate it to Appellant prior to trial.

Appellant's averments on appeal do not entitle him to post-conviction relief, and, accordingly, we conclude that the PCRA court's decision to deny the PCRA petitions is supported by the record and free of legal error.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/27/2017*