IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yuriy Bekman,               :
           Appellant        :
                                 :
        v.                    : No. 394 C.D. 2020
                                 : ARGUED: October 13, 2020
Zoning Board of Adjustment of the   :
City of Pittsburgh, City of Pittsburgh :
and BDL Acquisitions           :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: November 9, 2020

Appellant Yuriy Bekman (Bekman) appeals from the Court of Common Pleas of Allegheny County's (Trial Court) January 28, 2020 order granting Appellees Zoning Board of Adjustment of the City of Pittsburgh's (ZBA) and the City of Pittsburgh's (City) joint Motion to Quash Bekman's statutory appeal of a zoning decision issued by the ZBA on July 3, 2019. Through that decision, the ZBA granted Appellee BDL Acquisitions' (BDL) use variance application, thereby authorizing BDL to operate a jewelry store and pawn shop in a building located at 715 Liberty Avenue, Pittsburgh, Pennsylvania. The Trial Court determined that Bekman did not have standing to appeal this decision and, therefore, that quashal was warranted. We affirm.

## I. Facts and Procedural History

Bekman is the owner of 819 Liberty Avenue, 110 Smithfield Street, and 643 Smithfield Street in Pittsburgh, each of which are located in the general vicinity of

715 Liberty Avenue. Reproduced Record (R.R.) at 4a.[1] In 2013, Bekman applied for a use variance that would have allowed him to operate a pawn shop at 819 Liberty Avenue, which the ZBA denied. *Id.* at 5a. The following year, Bekman sought an identical use variance for 643 Smithfield Street, which the ZBA also denied. *Id.* at 5a-6a.

On July 31, 2019, Bekman appealed the ZBA's July 3, 2019 decision, which granted BDL's application, to the Trial Court. In his Notice of Appeal, Bekman argued that the ZBA had committed errors of law and abused its discretion because BDL had failed to satisfy the stringent requirements for a use variance. *Id.* at 8a-10a. In addition, Bekman alleged that the ZBA had given preferential treatment to BDL, thereby violating Bekman's constitutional due process and equal protection rights. *Id.* at 10a-11a. Thereafter, both BDL and the City intervened in Bekman's statutory appeal.

On September 16, 2019, BDL filed a Motion to Quash the appeal. BDL argued this was warranted because Bekman allegedly lacked standing for two reasons. First, according to BDL, the "primary focus" of Bekman's appeal was to prevent a competitor from opening near his businesses, an economic concern that could not serve as the basis for challenging the ZBA's decision. *Id.* at 30a. Second, BDL pointed out that neither Bekman, nor an attorney for Bekman, appeared at the ZBA hearing on BDL's use variance application; due to this absence, no evidence was

---

[1] The record does not contain measurements of the distances between 715 Liberty Avenue and Bekman's properties. We cannot independently correct this omission ourselves by taking judicial notice of these distances as represented on internet mapping sites, as it is unclear whether such sources are ones "whose accuracy cannot reasonably be questioned." Pa. R.E. 201(b)(2); *see Com. v. Brown*, 839 A.2d 433, 435-36 (Pa. Super. 2003) ("An internet site determining distances does not have the same inherent accuracy as do professionally accepted medical dictionaries, or encyclopedias, or other matters of common knowledge within the community.").

presented to the ZBA that Bekman had a substantial, direct, and immediate interest in the outcome of BDL's application. *Id.* at 30a-31a.[2]

On November 7, 2019, the City and ZBA filed their own, joint Motion to Quash. Therein, the City and ZBA echoed BDL's argument that Bekman's appeal should be quashed, because he failed to appear at the ZBA hearing regarding BDL's application and, thus, did not present objections thereto. *Id.* at 41a-43a. In essence, the City and ZBA argued that Bekman's failure to appear resulted in him waiving any issues he could have raised and deprived him of standing. *Id.*

Bekman responded in opposition and offered a handful of reasons why quashal was not justified. First, attendance at a ZBA hearing is not required to permit an individual to appeal the resulting ZBA decision. *Id.* at 50a-51a. Second, Bekman's representative had attended the hearing on BDL's application, but she did not participate because she "had been told by staff at a previous hearing that she [was] not permitted to speak or participate at . . . hearings on this matter." *Id.* at 51a. Third, Bekman was aggrieved by the ZBA's decision because he stands to be affected as the owner of multiple properties in the area, as well as due to the fact that he had previously, and unsuccessfully, sought similar use variances.

The Trial Court heard oral argument regarding the motions on January 27, 2020, and granted the City's and ZBA's joint Motion to Quash the following day.[3] Bekman appealed to our Court on February 26, 2020. On April 30, 2020, the Trial Court issued an opinion supporting its ruling. The Trial Court reasoned that, independent of whether a person is aggrieved by a zoning board's decision, they

_____

[2] BDL also argued that Bekman's substantive arguments were entirely baseless and that quashal was also warranted on that basis. R.R. at 31a-32a.

[3] It does not appear that the Trial Court ruled upon BDL's Motion to Quash.

must first raise any issues at the administrative level in order to preserve them for appellate purposes. Tr. Ct. Op. at 2-3. Consequently, the Trial Court held that Bekman's argument to the contrary was without merit. *Id.* at 3. In addition, the Trial Court ruled that there was no evidence to support Bekman's claim that his agent attended the ZBA hearing regarding BDL's variance application on his behalf. *Id.* This appeal followed.

## II. Discussion

On appeal,[4] Bekman effectively raises two arguments for our consideration, which we summarize as follows for clarity's sake. First, under the Local Agency Law, 2 Pa. C.S. §§ 551-555, 751-754, an individual's procedural standing to appeal a ZBA decision is not predicated upon whether that individual attended the hearing at which the underlying zoning application was considered. Rather, the individual need only be aggrieved by the decision for them to satisfy the requirements for procedural standing. Bekman's Br. at 9-16. Bekman was aggrieved by the ZBA's decision to grant BDL's variance application, because Bekman owns properties in the same vicinity as 715 Liberty Avenue and had unsuccessfully sought "identical" variances for two of those properties in the past. *Id.* at 17-18. Bekman therefore has both procedural and substantive standing to appeal the ZBA's decision. *Id.* at 18.

Second, though Section 7 of what is known as the Second Class City Code states, in relevant part, that "any party may appear [at a ZBA hearing] in person or

---

[4] "This Court's standard of review of the [T]rial [C]ourt's order granting a motion to quash [an] appeal is limited to [determining] whether the [T]rial [C]ourt committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Driscoll v. Zoning Bd. of Adjustment of City of Philadelphia*, 201 A.3d 265, 268 n.2 (Pa. Cmwlth. 2018) (quoting *Alma v. Monroe Cty. Bd. of Assessment Appeals*, 83 A.3d 1121, 1123 n.3 (Pa. Cmwlth. 2014)).

by agent or by attorney[,]" 53 P.S. § 25057,[5] the ZBA improperly barred Bekman's representative from raising any substantive issues in opposition to BDL's variance application on his behalf. Bekman's Br. at 18-19. Furthermore, Bekman's representative complied with the ZBA staff's instructions by not signing in or testifying at the application hearing. *Id.* at 18. Bekman was therefore improperly deprived of the opportunity to establish standing through his agent. *Id.* at 19.

Bekman is correct that the question of whether he has standing to appeal the ZBA's decision is governed by the Local Agency Law.[6] *Nernberg v. City of Pittsburgh*, 620 A.2d 692, 694 (Pa. Cmwlth. 1993). He is also correct that Section 7 of the Second Class City Code, 53 P.S. § 25057, which applies to Pittsburgh, permitted him to appear at the ZBA hearing regarding BDL's variance application via an agent. The problem that plagues Bekman, though, is that neither he nor anyone on his behalf presented arguments to the ZBA in opposition to BDL's variance application. Setting aside the question of what form such opposition must take, it remains that Bekman failed to make a record before the ZBA of how approval of BDL's application would harm him; absent extenuating circumstances, he cannot simply swoop in after-the-fact and express displeasure with the ZBA's decision, not without having first contested the underlying application before the ZBA itself. *See* 2 Pa. C.S. § 753(a). ("[I]f a full and complete record of the proceedings before the agency was made [a] party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent

_____

[5]Act of March 7, 1901, P.L. 20, *as amended*, added by Act of March 31, 1927, P.L. 98, 53 P.S. § 25057.

[6] "Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa. C.S. § 752.

to resolve such question) unless allowed by the court upon due cause shown."). "Thus, there is no evidence to support a claim that [Bekman was] aggrieved or that [he] had a direct interest in the [ZBA's] adjudication and no basis on which to find standing to appeal the [ZBA's] grant of [BDL's] use [variance] application." *Nernberg*, 620 A.2d at 696-97; *see also Poole v. Zoning Bd. of Adjustment of City of Phila.*, 10 A.3d 381, 384 n.3 (Pa. Cmwlth. 2010) (an objector waives any potential appellate issues they did not first raise before the relevant administrative body).

As already noted, however, Bekman claims that his representative attended the ZBA hearing, but was told she could not participate in the proceedings. "[U]nder . . . the Local Agency Law . . . objectors are not entitled to present new evidence [on appeal to a court of common pleas] unless they can demonstrate that the record was incomplete either because they were refused the opportunity to be heard or because relevant testimony was excluded." *Nernberg*, 620 A.2d at 696; *see also* 2 Pa. C.S. § 754(a) ("In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court."). Bekman therefore alleges that he would have been able to establish standing, had the ZBA not improperly and unlawfully prevented his representative from appearing on his behalf.

Under other circumstances, Bekman's claims regarding standing and his representative may have had merit. The trouble is that Bekman neither provided corroborating evidence supporting these allegations, nor sought leave from the Trial Court to supplement the record; of note is the fact that Bekman has at no point provided identifying information about this representative, other than that she is a

woman. *See* Hr'g Tr., 1/27/20, at 16-17; R.R. at 51a; Bekman's Br. at 18-19. Furthermore, though it might have been prudent for the Trial Court to insist that Bekman offer additional evidence backing his agent-related arguments, rather than merely relying on the existing record from the ZBA, Bekman does not argue on appeal to our Court that the Trial Court erred or abused its discretion by failing to do so. We therefore can find no fault with the Trial Court's determination that, while Bekman may have "claimed that [his] representative attended the [ZBA] hearing on his behalf[,] the record does not support that contention." Tr. Ct. Op. at 3.

### III. Conclusion

On the basis of the foregoing analysis, we affirm the Trial Court's January 28, 2020 order granting the City's and ZBA's joint Motion to Quash.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yuriy Bekman,                           :
                    Appellant          :
                                        :
        v.                              :  No. 394 C.D. 2020
                                        :
Zoning Board of Adjustment of the       :
City of Pittsburgh, City of Pittsburgh  :
and BDL Acquisitions                    :

# **O R D E R**

AND NOW, this 9th day of November, 2020, the Court of Common Pleas of Allegheny County's January 28, 2020 order granting Appellees Zoning Board of Adjustment of the City of Pittsburgh's and the City of Pittsburgh's joint Motion to Quash is AFFIRMED.

_____
ELLEN CEISLER, Judge