620 A.2d 692

**A. Richard NERNBERG and Susan Nernberg, his wife, Appellants,**

v.

**CITY OF PITTSBURGH, and University of Pittsburgh, and National Development Eastern Associates, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Feb. 1, 1993.

220

Leonard M. Mendelson, for appellants.

Joel P. Aaronson, for appellees.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

The Nernbergs appeal an order of the Court of Common Pleas of Allegheny County granting a motion to quash their appeal from a conditional use granted by the Council of the City of Pittsburgh (City Council) to the National Development Eastern Associates and the University of Pittsburgh (jointly, Developers). The trial court quashed the appeal on the basis that the Nernbergs lack standing to appeal the grant of the conditional use. We affirm.

The Nernbergs are the owners of apartments situated near the University of Pittsburgh which are rented to university students for housing. On April 1, 1991, the University and the National Development Eastern Associates filed an application with the City of Pittsburgh seeking approval of a conditional use application for construction of student residences. The Pittsburgh City Planning Commission held public hearings with respect to this application on April 30, 1991

and May 14, 1991, and on May 14, 1991 the Planning Commission voted to recommend approval of the conditional use application to City Council. On June 11, 1991, City Council adopted a resolution approving the conditional use application, and on June 12, 1991, Mayor Masloff approved the resolution. Construction commenced on June 13, 1991.[1]

The Nernbergs did not appear at the public hearing but, prior to the City Council vote, sent letters objecting to the project to the City Council president[2] with copies of two of the letters hand-delivered to every member of City Council.[3]

On July 3, 1991 the Nernbergs filed an appeal from the approval of the conditional use in the Court of Common Pleas of Allegheny County. On August 29, 1991, the Developers filed a motion to quash the appeal for lack of standing and also petitioned to intervene in the action.

The Nernbergs, relying on the Local Agency Law, 2 Pa.C.S. § 752, argue that the trial court erred in finding that they lack standing and in refusing to take additional evidence, thus denying them the opportunity to be heard. The Developers counter that the trial court did not err in concluding that the Nernbergs lacked standing nor in refusing to conduct a hearing *de novo*.

The issues raised are whether an objector to the grant of a conditional use who has not appeared at the public hearing has standing to appeal the Council action, whether the trial court erred in determining that the Nernbergs lacked standing and whether the trial court erred in refusing to take additional evidence.

Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether substantial evidence supports any necessary findings of fact. 2 Pa.C.S. § 754.

1. We note that the Developers did not wait for the appeal period to pass before beginning construction. However, while risky, this does not create any rights which the objectors would not otherwise have.

2. Letters to the City Council president were sent on May 31, 1991, June 3, 1991 and June 10, 1991.

3. Council members received copies of the June 3 and 10th letters.

Initially, we must look at provisions of the zoning ordinance of the City of Pittsburgh concerning conditional use applications. These provisions are found in the Zoning Ordinance of the City of Pittsburgh, Code of Ordinances, Title IX, Article V, Chapter 993, "Exceptions", section 993.01. The zoning ordinance provides that a conditional use is a permitted use if the proponent meets specific standards. This is in recognition of the fact that conditional uses often have more significant impact on the community than other permitted uses. Section 993.01(a)(C) provides that the Planning Commission holds a public hearing and makes a report of its findings and recommendations to the City Council which then acts on the conditional use application.[4]

■ The Nernbergs correctly point out that grant of a conditional use is an administrative, rather than a legislative, action of the City Council to which the Local Agency Law applies.[5] *North Point Breeze Coalition v. City of Pittsburgh,* 60 Pa.Commonwealth Ct. 298, 431 A.2d 398 (1981). Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, states:

> Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeal by or pursuant to Title 42 (relating to judiciary and judicial procedure).

The Nernbergs assert that the "person aggrieved" language of the Local Agency Law provides a broad basis for standing.

While we have found no cases specifically dealing with this issue under section 752 of the Local Agency Law, such cases do exist under section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702. Section 702 deals with judicial review of

---

4. This separation of the fact finding and adjudicatory functions is an acceptable procedure. *Delaware Valley Convalescent Center, Inc. v. Beal,* 34 Pa.Commonwealth Ct. 177, 382 A.2d 1290 (1978) *affirmed by* 488 Pa. 292, 412 A.2d 514 (1980).

5. As a city of the second class, Pittsburgh is not subject to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201 (MPC) which applies to all municipalities in Pennsylvania other than cities of the first class (Philadelphia) and of the second class (Pittsburgh) and counties of the second class (Allegheny County).

commonwealth agency actions and is identical in language to section 752 of the Local Agency Law. In *Department of Aging v. Lindberg,* 503 Pa. 423, 469 A.2d 1012 (1983), our supreme court said that the breadth of the Administrative Agency Law is demonstrated by section 702 "which grants standing to appeal agency determinations to any person 'aggrieved' and not just to parties to the agency actions." In *Beers v. Unemployment Compensation Board of Review,* 118 Pa.Commonwealth Ct. 248, 546 A.2d 1260 (1988), *appeal granted* 521 Pa. 623, 626, 627, 557 A.2d 726, 728, 729 (1988), *overruled for other reasons, Vanmetre v. Commonwealth, Unemployment Compensation Board of Review,* 128 Pa.Commonwealth Ct. 644, 564 A.2d 540 (1989), *reargument denied* (1989), *appeal granted* 525 Pa. 659, 660, 661, 582 A.2d 325, 326, 327 (1990), we relied upon Darlington, McKeon, Schuckers & Brown, 1 *Pa.Appellate Practice* § 501.12 and concluded that

> an appeal from a Commonwealth agency adjudication may be taken by any aggrieved *person* (as distinguished from party) who has a *direct* interest (as distinguished from a direct, immediate and substantial interest) in the adjudication. . . . [6]

> One has a direct interest in the adjudication of a governmental agency if he is able to show that the adjudication causes harm to an interest of his; i.e., he must show that the claimed harm to his interest can be said to have resulted in some concretely demonstrable way from the adjudication. *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 195–97, 346 A.2d 269, 282–83 (1975).

*Beers,* 118 Pa.Commonwealth Ct. at 262, 546 A.2d at 1267 (emphasis in original).[7]

**6.** This statement distinguishes the standing requirement for cases arising under the Local Agency Law from the traditional standing requirements analyzed in *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 195–97, 346 A.2d 269, 282–83 (1975) which require that the injured interest be substantial and immediate as well as direct. In *Beers* the employer argued unsuccessfully that one of the claimants lacked standing because she had not been a party to the administrative action below.

**7.** We do not reach the issue of whether an objector to a conditional use application in the City of Pittsburgh must *appear* at the public hearing

■ Because our determination of whether the Nernbergs have standing is governed by the more liberal standing rules set forth in the Local Agency Law, we must determine whether the Nernbergs have a direct interest in the adjudication and whether they were aggrieved by the grant of the conditional use application. By asserting that they own property in the vicinity of the proposed conditional use, the Nernbergs have asserted an interest beyond the common interest of all citizens that the law be obeyed, *William Penn;* but they must also show that the interest was harmed [8] and that it is one which the law is intended to protect. "[S]tanding will be found more readily where protection of the type of interest asserted is among the policies underlying the legal rule relied upon by the person claiming to be aggrieved." *William Penn,* 464 Pa. at 198, 346 A.2d at 284.

In their appeal to the court of common pleas, the Nernbergs objected to the approval of the conditional use application, alleging generally: [9]

(a) the City failed to make independent findings of fact and conclusions of law;

(b) the City erred by concluding that the conditional use would not be detrimental to or endanger the public health, safety, morals, comfort or general welfare;

(c) the City erred by concluding that the conditional use would not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes permitted, nor substantially diminish or impair property values within the neighborhood;

in order to preserve appeal rights, because we agree with the trial court that the Nernbergs were not aggrieved by the local agency's adjudication.

8. A person aggrieved "must have a direct interest that is *adversely* affected by the action which he seeks to challenge.... An essential element of standing ... is the requirement that a person be *adversely* affected by the challenged action." *Mosside Associates v. Zoning Hearing Board,* 70 Pa.Commonwealth Ct. 555, 562, 454 A.2d 199, 203 (1982) (emphases added).

9. See, generally, the standards contained in the Pittsburgh Code of Ordinances, § 993.01(a)(D).

(d) the City erred in concluding that the conditional use would not impede the normal and orderly development and improvement of surrounding property;

(e) the City erred in concluding that adequate utilities, access roads, drainage and other facilities have been or will be provided;

(f) the City erred in concluding that adequate measures have been or will be taken to provide ingress and egress designated so as to minimize traffic congestion in the public streets;

(g) the City erred in concluding that the conditional use would form a compatible and harmonious relationship with other surrounding existing uses which are not nonconforming;

(h) the City erred in concluding that the conditional use would be adequately served by existing and proposed public utilities, improvements and facilities;

(i) the City erred in concluding that, in all other respects, the conditional use will conform to applicable regulations of the district in which it is located; and

(j) the City abused its discretion by not requiring additional conditions on the conditional use for the protection of public health, welfare and welfare [sic].

Most of these objections mirror the standards applicable to any approval of a conditional use application contained in the Pittsburgh Code of Ordinances, § 993.01(a)(D). The trial court found that the policies underlying these standards "do not appear to be designed to protect someone in [the Nernbergs'] situation" (trial court op. at 4) and noted that the harm to the Nernbergs appeared to be the possibility of competition and that competitive harm is not sufficient to confer aggrieved party standing in a zoning case.

■■ While some laws and regulations are designed to protect against competitive injuries, many are not. For instance, in the disappointed bidder cases, competitive injury is never sufficient, in and of itself, to give rise to standing. *C.O. Falter Construction Corp. v. Towanda Municipal Authority,*

149 Pa.Commonwealth Ct. 74, 614 A.2d 328 (1992). On the other hand, the Liquor Code [10] creates a regulatory scheme which does give competitors standing.

Although they may not obtain a remedy at law solely on the basis of their economic injury, [the interests of competitors are] so inextricably intertwined with the fundamental goals which the Liquor Code seeks to achieve as to make individual [competitors] vigorous and reliable representatives of the public interest.

*Application of El Rancho Grande, Inc.,* 496 Pa. 496, 508, 437 A.2d 1150, 1156 (1981). The zoning ordinance is not part of a regulatory scheme to protect against competitive injury, and thus competition is not the kind of direct injury which gives rise to standing in a zoning case. Thus, we agree with the trial court that the Nernbergs have not shown injury to an interest which would give them standing to appeal the approval of the conditional use application.

■ One issue remains. Should the trial court have granted the Nernbergs' Motion to Supplement the Return with evidence of their aggrieved party standing? The grant of such a motion would have the same effect as a trial *de novo.* Cases decided under both the Local Agency Law and the MPC hold that objectors are not entitled to present new evidence unless they can demonstrate that the record was incomplete either because they were refused the opportunity to be heard or because relevant testimony was excluded. *Lower Allen Citizens Action Group, Inc. v. Lower Allen Township Zoning Hearing Board,* 93 Pa.Commonwealth Ct. 96, 500 A.2d 1253 (1985). *See also Lawrence Township Appeal,* 117 Pa.Commonwealth Ct. 508, 544 A.2d 1070 (1988). The Nernbergs' appeal is governed by the Local Agency Law which clearly limits the discretion of the trial court to hear an appeal *de novo.* Section 754(b) of the Local Agency Law provides: "In the event a full and complete record of the proceedings before the local agency was made, the court *shall* hear the appeal without a jury on the record certified by the agency...." (Emphasis added.) Applying this section of the

10. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101—9–902.

Local Agency Law in *City of Philadelphia v. Board of License and Inspection Review to Use of Parkway Corp.*, 139 Pa.Commonwealth Ct. 240, 590 A.2d 79 (1991), *appeal denied* 529 Pa. 625, 600 A.2d 540 (1991), we determined that the trial court erred in granting a *de novo* hearing to afford the City an opportunity to present additional evidence when a full and sufficient record was made before the local agency. In the case *sub judice* there is no claim that the public hearing was improperly held or that any evidence was improperly limited so as to render the record incomplete. The fact that the Nernbergs were unable or chose not to appear or send counsel does not affect the adequacy of the hearing process.

The problem with the Nernbergs' case is not that they were required to participate in a public hearing, but that because they failed to appear at the public hearings, they were unable to make a record of how the new student residences caused them harm. Because an additional hearing before council is discretionary and was not held, and because the trial court did not find reason to grant the Nernbergs' Motion to Supplement the Return with evidence of their aggrieved party standing, there was no additional opportunity to present such evidence. Thus, there is no evidence to support a claim that the Nernbergs were aggrieved or that they had a direct interest in the adjudication and no basis on which to find standing to appeal the grant of the conditional use application. Even if the objectors might otherwise have had standing, they failed to seize the moment by presenting evidence at the public hearing.

Accordingly, the decision of the Court of Common Pleas of Allegheny County quashing the appeal is affirmed.

## ORDER

AND NOW, this 1st day of February, 1993, the order of the Court of Common Pleas of Allegheny County, dated October 16, 1991, is affirmed.