# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lania Rubio                     :

                             :

        v.             :    No. 848 C.D. 2023

                             :    ARGUED: September 9, 2024

Zoning Board of Adjustment of the City :

of Pittsburgh, National Apartment    :

Leasing Company d/b/a Mozart      :

Management, City of Pittsburgh, and   :

Mozart Management, LLC         :

                             :

Appeal of: Mozart Management, LLC :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge

                HONORABLE CHRISTINE FIZZANO CANNON, Judge

                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: January 29, 2025**

        Developer, Mozart Management, LLC, appeals from an order of the Court of Common Pleas of Allegheny County denying Developer's motion to quash the appeal of Lania Rubio from the decision of the Zoning Board of Adjustment of the City of Pittsburgh (ZBA) that granted zoning relief to Developer to construct a proposed apartment building in the City's Shadyside neighborhood.[1] The sole issue on appeal is "[w]hether an individual can appear as a party in Zoning Board proceedings in the City of Pittsburgh by any means other than by appearing in person

---

[1] Appellees, the City of Pittsburgh and the ZBA, are precluded from filing briefs in this matter. May 10, 2024 and June 6, 2024 Cmwlth. Ct. Orders.

or by agent or by attorney as required by Section 7 of the Second Class City Code,[2] 53 P.S. § 25057."[3] Oct. 19, 2023 Cmwlth. Ct. Order at 1. In pertinent part, Section 7 provides: "The [ZBA] shall fix a reasonable time for the hearing of the appeal, give posted public notice thereof, and decide the same within a reasonable time. *Upon the hearing, any party may appear in person or by agent or by attorney.*" 53 P.S. § 25057 (emphasis added). We conclude that the only means to appear is as enumerated in Section 7. Rubio neither appeared in compliance with Section 7 nor established that she would be aggrieved by the requested zoning relief. Accordingly, we reverse and remand this matter to the trial court with directions to quash Rubio's appeal.

The ZBA held two virtual public hearings in this matter. At ZBA Case No. 27 of 2022, the ZBA conducted an April 2022 hearing to consider Developer's request to construct an apartment building on the corner of South Aiken Avenue and Claybourne Street in Shadyside.[4] Developer proposed building a 132-foot-high residential building with 131 units. The ZBA denied Developer's request without prejudice to resubmit a revised proposal and to present additional evidence. March 13, 2023 ZBA Decision, Finding of Fact (F.F.) No. 14.[5] In the instant matter, ZBA

---

[2] Act of March 31, 1927, P.L. 98.

[3] The trial court granted Developer's motion to amend and certify order of interlocutory appeal as well as for an immediate stay. July 18, 2023 Trial Ct. Order. The trial court agreed that there was a controlling question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the matter. *See* Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), and Rule 1311(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1311(b). In October 2023, this Court granted Developer's unopposed petition for permission to appeal the trial court's order.

[4] May 4, 2023 Zoning Return (Return), Ex. J (April 21, 2022 Tr. in ZBA Case No. 27 of 2022); Reproduced Record (R.R.) at 744a-856a.

[5] Developer's Reply Br., App. A (March 13, 2023 ZBA Decision).

Case No. 27a of 2022, Developer submitted a revised request to build a 108-foot-high residential building with 117 units. F.F. No. 15. Apartments would be located on floors 2 through 10, with 6700 square feet of office space on the first floor. F.F. No. 16. The ZBA considered the revised request at the November 2022 hearing at issue, ultimately granting zoning relief to Developer. March 13, 2023 ZBA Decision at p.11.

Rubio filed a timely pro se appeal to the trial court.[6] Developer filed a motion to quash Rubio's appeal, asserting that she lacked standing. The trial court denied Developer's motion, concluding:

> The record in this case is distinguishable from the records reviewed in the cases of *Bekman v. Zoning Board of Adjustment of the City of Pittsburgh* [(Pa. Cmwlth., No. 394 C.D. 2020, filed Nov. 9, 2020),[7]] and *Nernberg v. City of Pittsburgh*, 620 A.2d 692 (Pa. [Cmwlth.] 1993)[, where the Commonwealth Court affirmed orders quashing the respective objectors' appeals for failure to establish aggrievement on the record.] In the instant case[, Rubio] submitted written opposition by email dated November 16, 2022 in advance of the November 17, 2022 public hearing. [Rubio] was one of many neighbors that joined in a petition opposing the development. [F.F. No.] 47 . . . expressly references this "written opposition" from Shadyside residents as having been considered by the [ZBA]. Further, several of the jointly petitioning neighbors appeared at the hearing and expressed opposition. [*See* F.F. No. 45.]

---

[6] April 12, 2023 Appeal; R.R. at 4a-52a. No other appeals were filed and no one intervened in Rubio's appeal.

[7] Under Section 414(a) of the Court's Internal Operating Procedures, an unpublished memorandum opinion, although not binding precedent, may be cited for its persuasive value. 210 Pa. Code § 69.414(a).

July 6, 2023 Trial Ct. Op. (footnote added).[8]

　　　　As noted, the sole issue on appeal is whether an individual can appear as a party in proceedings before the ZBA by any means other than by appearing in person or by agent or by attorney as required by Section 7 of the Second Class City Code. Here, the ZBA set forth instructions for appearing in the agenda for the virtual public hearing at issue:

*Zoning Board of Adjustment Hearing Agenda for*
*November 17, 2022*

Board meetings will be hosted on Zoom and streamed on YouTube Live on the Pittsburgh City Planning YouTube page. To join the Zoom webinar, use the link: https://us02web.zoom.us/j/85171125255 or call 301-715-8592 with Webinar ID: 851 7112 5255. If you are not planning to testify, please watch the YouTube Live stream to allow those testifying to be able to join the meeting.

Information about each agenda item is posted on the Virtual Zoning Board of Adjustment page. To provide public comment, you can:

Join the virtual meeting and use raise hand function to request to speak.

Call into the meeting on your phone and use raise hand function by pressing *9.

Zoning Board of Adjustment notices are online at https://pittsburghpa.gov/dcp/upcoming[.]

Anyone who requires an accommodation for effective communication or a modification of policies or procedures to participate in a program, service, or activity provided by the City of Pittsburgh should contact the City [Americans with Disabilities Act[9] (ADA)] Coordinator as soon as

---

[8] The trial court stated that its July 6th order contained its rationale and that it would not be writing an additional opinion under Pa.R.A.P. 1925(a)(1). Nov. 1, 2023 Trial Ct. Order at 1.

[9] 42. U.S.C. §§ 12101-12213.

4

possible but no later than two business days before the event. Hillary Roman, City of Pittsburgh ADA Coordinator, Hillary.Roman@pittsburghpa.gov; Remote Ph: (412) 301-7041; Office Ph: (412) 255-2102 int. 457.

Developer's Br., App. D (ZBA Hearing Agenda for Nov. 17, 2022) (footnote added). It is undisputed that Rubio herself did not appear virtually pursuant to the ZBA's instructions.

Notwithstanding the language in the certified issue on appeal limiting it to appearing, the issues of appearing and standing are intertwined. A party may appear at a hearing without establishing standing but cannot have standing without appearing. The threshold for standing is a party "appear[ing] in person or by agent or by attorney" at a ZBA hearing. 53 P.S. § 25057. Specifically, a party must appear in compliance with Section 7 to have standing to appeal a ZBA decision under the Local Agency Law.[10] *Nernberg*, 620 A.2d at 694. To establish standing, a party that appears before the ZBA must demonstrate that it has a direct interest in the adjudication and that it was aggrieved by the relief granted. *Id*. at 695. Section 752 of the Local Agency Law provides: "Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa.C.S. § 752. Consistently, Section 923.02.H of the Zoning Code of the City of Pittsburgh provides: "Any party aggrieved by a decision of the [ZBA], may within thirty (30) days, appeal the decision to the Court of Common Pleas of Allegheny County under the Local Agency Law, 2 Pa.C.S. [§§] 751-754." Zoning Code of the City of Pittsburgh, § 923.02.H (1999).

_____

[10] 2 Pa.C.S. §§ 551-555, 751-754.

A close reading of the trial court's rationale reveals that it did not elucidate how Rubio appeared at the virtual hearing in compliance with Section 7. Instead, it concentrated on why it believed that she had standing to bring an appeal. As noted, however, appearing is a threshold requirement to standing. *Nernberg*. We turn to Rubio's arguments that she appeared at the ZBA hearing in compliance with Section 7 and established standing to appeal.

## I.

Rubio argues that she satisfied Section 7's appearance requirement by submitting written testimony via her pre-hearing email to the zoning code administration officer expressing her opposition and concerns for the project.[11] She

---

[11] In the Return to the trial court, the City attached Rubio's November 16, 2022 email to its zoning code administration officer as part of an exhibit with other writings opposing the project. Rubio's email provides:

> I'm writing to express my concerns and my position to the new apartments [sic] development on S Akin and Claybourne streets.
>
> My understanding is that the developers are asking fro [sic] 9 extreme variances and 2 exceptions involving height, setbacks and parking. The new apartments will block sunlight, increase the noise, affect the already congested parking issues and all of that will negatively impact all of us who live on Claybourne, Novel and S Ghaham [sic] Streets.
>
> Please, let me know if you have any questions or need more information.
>
> Best wishes,
> Maria Eulalia Rubio [Lania Rubio]
>
> 5429 Claybourne Street
> Pittsburgh, PA, 15232

May 4, 2023 Return, Ex. E ("Opposition Flyer and Letters in Opposition dated: Various Dates"); R.R. at 265a.

alleges that the ZBA expressly acknowledged her opposition in F.F. No. 47, which provides:

> 47. *Several Shadyside residents submitted written opposition to the development.* Many noted that the height and density of the proposed structure would not be consistent with the character and scale of the neighborhood and would result in detrimental impacts.

F.F. No. 47 (emphasis added).

We reject Rubio's argument that her email to a staff member the day before the hearing somehow brought her under the umbrella of the opposition thereby establishing that she appeared at the hearing, let alone established standing. While the ZBA allows so-called "[e]mail testimony . . . until the business day before the meeting at 12 p.m.[,]"[12] a pre-hearing email in opposition to a project neither equates to appearing "in person or by agent or by attorney," as required by Section 7, nor establishes standing to appeal. An individual cannot appear, even at a virtual hearing, based solely on a pre-hearing email. Notably, Rubio's email was neither placed into the record at the ZBA's hearing nor specifically referenced in its decision.[13] In addition, the ZBA's reference to several residents having submitted written opposition does not confer party status and standing on Rubio. As a ZBA board member stated at the conclusion of the hearing designated to consider

---

[12] Zoning Board of Adjustment pittsburghpa.gov (last visited January 29, 2025).

[13] Developer asserts that Rubio's email was not provided to it until after Rubio filed her pro se appeal. Everything that the City includes in a Return does not necessarily constitute the record, especially those items that the City collected prior to the hearing that were not submitted into evidence at the hearing set to consider the requested zoning relief. We have defined a "full and complete record" as "a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal and, also, that the appellate court is given a sufficient record upon which to rule on the questions presented." *Kuziak v. Borough of Danville*, 125 A.3d 470, 475 (Pa. Cmwlth. 2015).

Developer's requested zoning relief: "[T]oday is the hearing. Today is the day to make the arguments [in opposition]." Nov. 17, 2022 Hearing, Notes of Testimony (N.T.) at 89; R.R. at 960a. Accordingly, we reject Rubio's argument based on her submission of a pre-hearing email.

## II.

In post-hearing claims, Rubio argues that she appeared at the hearing because she "acted in conformity or in concert with fellow friends and attendees that were present at these hearings" and "acted in consortium with her neighbors who joined a petition in opposition" to the project. Rubio's Br. at 10 and 11-12. She alleges that some of her neighbors who signed the petition appeared at the hearing "in person" thereby serving as her representatives. In support, she cites F.F. No. 45, listing 11 neighbors who appeared at the hearing to oppose Developer's request. F.F. No. 45 provides:

> 45. Vicky Toner, owner of the property located at 519 S Graham Street, Riley Wolynn and Peter Mulholland, owners of the property located at 408 Noble Street, Dylan Kunkel, a resident of 525 S Aiken Avenue, Kim and Kevin Ryan, owners of the property located at 5436 Claybourne Street, Beau Berman, owner of the property located at 5438 Claybourne Street, Virginia Flaherty, owner of the property located at 536 Lehigh Avenue, David Clark, owner of the property located at 5519 Claybourne Street, Sandy Drosnes, owner of the property located at 5517 Claybourne Street, and Pamela D'Alessandro, owner of the property located at 5515 Claybourne Street, *appeared at the hearing to oppose the request*.

F.F. No. 45 (emphasis added).

In rejecting Rubio's position, we first note that the ZBA, in addition to listing the 11 names in F.F. No. 45 also listed names under "Opposed" in the "Appearances" preamble section of its decision. March 13, 2023 ZBA Decision at p.2. The ZBA did not include Rubio's name in the preamble section nor find that anyone appeared on her behalf, consistent with the absence of any indication in the hearing transcript that any of the 11 individuals acted as her agent or representative. From that, we deduce that the ZBA did not conclude that Rubio appeared at the hearing. In addition, the petition that Rubio allegedly signed was referenced at the hearing but not admitted.[14] N.T. at 73 and 101; R.R. at 817a and 845a. The trial court erred in relying on extra hearing documents in concluding that Rubio either appeared or established standing. In addition, the trial court improperly "piggybacked" Rubio onto the objections of apparently similarly situated neighbors, only some of whom may have appeared at the virtual hearing.

### III.

Finally, we turn to the trial court's determination that the instant record is distinguishable from the records reviewed in the 2020 unpublished *Bekman* and the 1993 published *Nernberg*. In both cases, we affirmed the trial court's respective orders quashing the appeals based on the respective objectors' failure to establish on the record how they were aggrieved. Notably, both cases were decided without reaching the issue of whether a person can become a party at a ZBA hearing by any means other than appearing under Section 7. The trial court in the instant case distinguishes those cases, citing Rubio's submission of a pre-hearing email and the fact that she was one of the many neighbors that joined in a petition opposing the

---

[14] Rubio alleges that the petition is in the City's OneDrive folder, under the testimony subfolder, and named "525 S Aiken File." Rubio's Br. at 12. As noted, however, not everything in the City's Return necessarily constitutes the record. *See supra* n.13.

9

development. However, neither the email nor the petition was made part of the record before the ZBA. A party wishing to appeal must appear *and* establish *in the record before the ZBA* how approval of an application would harm it to have standing. Rubio failed to satisfy this requirement and her appeal constitutes what has been termed an improper "swoop[ing] in after-the-fact [to] express displeasure with the ZBA's decision . . . without having first contested the underlying application before the ZBA itself." *Bekman*, slip op. at 5.

For these reasons we conclude that the trial court erred in denying Developer's motion to quash Rubio's appeal. Accordingly, we reverse and remand this matter to the trial court with directions to quash Rubio's appeal.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lania Rubio                                          :
                                                     :
                  v.                                 :     No. 848 C.D. 2023
                                                     :
Zoning Board of Adjustment of the City :
of Pittsburgh, National Apartment                   :
Leasing Company d/b/a Mozart                        :
Management, City of Pittsburgh, and                 :
Mozart Management, LLC                              :
                                                     :
Appeal of: Mozart Management, LLC     :

## **O R D E R**

AND NOW, this 29th day of January, 2025, the order of the Court of Common Pleas of Allegheny County is hereby REVERSED and this matter is REMANDED to the trial court with directions to quash the appeal of Lania Rubio. Jurisdiction relinquished.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita